UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| KEVIN BUTLER<br>7110 Pullen Drive<br>Fredericksburg, Virginia 22407,<br><br>       Plaintiff,<br><br>v.<br><br>SPOTSYLVANIA COUNTY GOVERNMENT<br>9104 Courthouse Road<br>Spotsylvania, VA 22553<br><br>and<br><br>DEBORAH F. WILLIAMS,<br>**Commissioner of the Revenue**<br>Richard E Holbert Building<br>9104 Courthouse Rd<br>Spotsylvania, VA 22553<br><br>       Defendants. | CIVIL ACTION NO. 3:19-cv-00950-<br>DJN<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

COMES NOW Plaintiff, Kevin Butler, pro se, for his Complaint against Defendant, Spotsylvania County Government and Spotsylvania County Commissioner of the Revenue Deborah Williams, in her official capacity, states as follows:

## INTRODUCTION

1. This is an action to redress the unlawful discrimination of Mr. Kevin Butler by the Office of Real Estate Assessments for Spotsylvania County pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 and Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

2. The discriminatory conduct resulting in this action includes termination of employment, failure to provide reasonable accommodations for his disability, interference, retaliation and hostile work environment.

3. The discriminatory conduct occurred after Mr. Butler attempted to exercise his federal protected rights under Title I of the Americans with Disabilities Act of 1990 in his employment with Spotsylvania County Government by his supervisor, Ms. Deborah Williams, Commissioner of the Revenue for Spotsylvania County.

## PARTIES

4. Plaintiff Kevin Butler ("Mr. Butler") is an adult resident of the Commonwealth of Virginia, residing at 7110 Pullen Drive Fredericksburg, Virginia 22407

5. Defendant Spotsylvania County Government was Mr. Butler's employer.

6. Defendant Deborah Williams ("Debbie") is the Commissioner of the Revenue for Spotsylvania County. She is sued in her official capacity.

7. At all times relevant to the Complaint, Spotsylvania County employed more than fifteen (15) employees for each working day during each of the twenty (20) or more calendar work weeks in the calendar year od the applicable dates of termination from employment and/or the dates of discrimination detailed herein or the calendar year proceeding the same.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17.

9. This Court has jurisdiction pursuant to Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

10. On September 26, 2018, Mr. Butler timely filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") against Spotsylvania County for discrimination in employment. The EEOC was unable to determine whether the Respondent was in compliance with the statute.

## FACTUAL ALLEGATIONS

11. Kevin Butler was hired as a Appraiser Trainee for Spotsylvania County in July 2004, a job which required collecting property data on residential properties via internal and external sources, verifying data related to new construction and existing properties, measuring and calculate floor area square footage, reconciling property characteristics on county records, and related tasks.

12. In December of 2005, Mr. Butler received a promotion to an Appraiser 1. In addition to the duties of an Appraiser Trainee, an Appraiser 1 is responsible for appraising less complex real property, interpreting building plans, information pertaining to sales, and other factors that affect property value.

13. Upon receiving his promotion to Appraiser 1, Mr. Butler was assigned a total area of responsibility of a recently retired Appraiser 2.

14. Even though Mr. Butler was doing the work of an Appraiser 2, he did not receive the promotion to Appraiser 2 until November 26, 2012. The job functions of an Appraiser 2

include working under limited supervision and performing responsible, professional, and technical work of considerable difficulty assessing complex residential and agricultural real property, including less complex commercial/industrial and tax-exempt property.

15. From December of 2005 until January of 2015, Mr. Butler drove a 2002 GMC Sierra, one of many fleet vehicles provided by Spotsylvania County, to aid the appraisal staff in the performance of their work duties.

16. On or about January 20, 2015, the vehicle Mr. Butler drove was replaced with a 2015 Jeep Compass ("AO26").

17. In the early part of 2016, Mr. Butler noticed AO26 had an odor.

18. Over time, the odor continued to become more pungent. Mr. Butler described to several employees that it constantly smelled like a pack of new balloons. It became apparent that the smell was not normal as it did not dissipate.

19. Around September 2016, Mr. Butler brought an issue concerning the vehicle via email to Debbie Williams, the Commissioner of the Revenue. He informed Debbie of a strange and potent smell that AO26 was emitting and the county authorized service center replaced a dirty cabin air filter.

20. The air quality of AO26 briefly improved, but after a few days, the odor persisted and Mr. Butler contacted Debbie again.

21. On October 13, 2016, after dropping AO26 off at the service center again, Debbie stated the garage could not find anything wrong with it. Debbie suggested the possibility of switching vehicles. [Plaintiff's Exhibit A]

22. Mr. Butler stated that he had previously spoken with Chief Appraiser Eddie Tolley ("Eddie") about switching vehicles because AO26 strained his back. However, after using a cushion to support his fractured tailbone, it was no longer an issue.

23. On October 26, 2016, Mr. Butler again reported the odor to Debbie via email. He requested that she speak with Jan Lieber ("Jan"), a coworker, who had also smelled the odor. He also suggested that Debbie personally inspect the vehicle. [Plaintiff's Exhibit B]

24. In the same email, Mr. Butler requested permission to purchase a mold cleaning spray and a charcoal cabin air filter to attempt to clean the fleet vehicle himself. Debbie agreed to reimburse Mr. Butler for the items. [Plaintiff's Exhibit B]

25. Shortly after receiving the email, Debbie called Mr. Butler to her office and told him that his conduct would usually be grounds for termination. She refused to inspect the interior or confer with Jan. Debbie denied his verbal request to take AO26 to another shop for a second opinion even though she stated that other employees drove the vehicle and confirmed the odor.

26. In December of 2016, Debbie denied Mr. Butler via email promotion to Appraiser III. The email cc:d Eddie and Cyndi Deale ("Cyndi"), an appraiser supervisor. Debbie, Eddie, and Cyndi all participated in the interview process. [Plaintiff's Exhibit C]

27. At the time of the interview, Mr. Butler was the most tenured Appraiser II. Mr. Butler requested feedback as to why he was not offered the position since the email provided no reason or explanation. Debbie, Eddie, and Cyndi all failed to reply to his email request. [Plaintiff's Exhibit D]

28. The Appraiser III position was given to Jan, who had eleven fewer years of experience than Mr. Butler and did not meet the minimum requirements outlined in the posting.

The posting required the applicant "must possess an Appraisal License of Certified Residential Real Estate Appraiser" issued by the Real Estate Appraisal Board of the Commonwealth of Virginia. Jan did not hold that certification. Mr. Butler did. [Plaintiff Exhibit E]

29. Additionally, Megan Balch ("Megan") interviewed for the Appraiser III position. She had ten fewer years of experience than Mr. Butler. She was promoted to Appraiser II following the interview, even though she did not meet the minimum stated requirements for either position.

30. In January of 2017, the director of Human Resources, Ms. Rose Heyward ("Rose"), called Mr. Butler to request a meeting in her office. Mr. Butler brought up many concerns. He reported being subjected to retaliation after reporting his health concerns with AO26 and informed Rose that Debbie threatened his job.

31. Mr. Butler additional reported Debbie's disregard of county policy by hiring and promoting unqualified employees to positions.

32. Rose did not investigate any of his concerns, as per county policy, but instead dismissed them as "ankle-biting".

33. Later in January, members of management made false statements in regards to Mr. Butler's job performance. Mr. Butler learned via Mary Jackson, Appraiser II, that Debbie told coworkers that he had quit after not being promoted. Mr. Butler also learned via Bill Ward, Appraiser Trainee, that Eddie said that Mr. Butler had incorrectly valued the land in his assigned areas.

34. Mr. Butler has always received complimentary job performance evaluations. [Plaintiff Exhibit F]

35. In March 2017, Debbie yelled at Mr. Butler from across the hall after Mr. Butler failed to greet Debbie to her liking.

36. In April of 2017, Debbie prevented Mr. Butler from taking part 2 of a course on appraising income-producing properties, as previously recommended by Eddie, in preparation to be promoted to Commercial Appraiser. This action severely limited Mr. Butler's ability to receive future promotions.

37. Instead, Eddie was training Megan, the newly promoted Appraiser II, to appraise commercial properties.

38. On May 4, 2017, Mr. Butler contacted Rose via email to discuss the deterioration of his work environment. The ongoing harassment caused by Debbie's actions was causing a hostile work environment. He addressed unwelcomed comments made by Debbie, unfair and unequal work responsibilities among appraisers. As a result of the stress, Mr. Butler was depleting his vacation and sick leave hours. Rose failed to adequately reply to Mr. Butler's concerns. [Plaintiff Exhibit G]

39. He sent an follow-up email on May 16, 2017. Rose failed to address Mr. Butler's concerns

40. After receiving no assistance from Rose, on June 7, 2017, Mr. Butler sent an email to the County Administrator, Mark Taylor, Rose's supervisor. He received no answer to his email. [Plaintiff Exhibit H]

41. In August 2017, Debbie's unwarranted attacks continued and she wrote false and negative comments on Mr. Butler's performance evaluation. Mr. Butler had never received a negative performance review during his tenure as an appraiser. [Plaintiff Exhibit I]

42. Over the course of 2017, Mr. Butler noticed his health deteriorating. After driving his work vehicle, his throat was getting irritated. It was causing digestion issues and causing headaches.

43. Mr. Butler attempted to remedy the situation himself by cleaning the vehicle himself, changing work shirts to mitigate the smell, and drinking extra water to try to reduce the irritation.

44. Additionally, Mr. Butler attempted to reduce how the vehicle affected him by driving in the afternoon so that he could go home immediately upon completion to shower and change.

45. When all his attempts failed, on November 28, 2017, Mr. Butler sent an email to Debbie Williams to let her know he could no longer drive A026 citing specifically that he was getting sick after driving that vehicle. [Plaintiff Exhibit J]

46. On November 28, 2017, Debbie replied to the email requesting specifics on how Mr. Butler was getting sick. Mr. Butler replied that is was making his throat irritated, taking tolls on his stomach, and causing headaches. [Plaintiff Exhibit K]

47. On November 30, 2017, Debbie fired Mr. Butler. During that conversation, Mr. Butler had requested to be allowed to drive a different fleet vehicle, as previously offered, but that request was denied.

48. Mr. Butler filed a charge with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct on September 26, 2018. [Plaintiff Exhibit L]

49. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, which Mr. Butler received on September 26, 2019. [Plaintiff Exhibit M]

## COUNT I: CLAIM FOR UNLAWFUL TERMINATION DUE TO DISABILITY

50. Plaintiff incorporate by reference herein the preceding paragraphs of this Complaint.

51. At all times material hereto, Defendants had an obligation to maintain a work environment that was not charged with discrimination in regards to Mr. Butler's disability.

52. Defendants' conduct violates Title I of the Americans with Disabilities Act by wrongfully terminating Mr. Butler's employment for stating he could not drive AO26 due to medical conditions.

53. Debbie was acting in the course and scope of her duties as Commission of the Revenue for Spotsylvania County, therefore, Spotsylvania County is liable for her actions under the doctrine of *respondeat superior*. Her actions against Mr. Butler was committed during working hours and at his place of employment in conjunction with work-related responsibilities.

54. Defendants' discriminatory conduct, in violation of Title I of the Americans with Disabilities Act, has caused the Mr. Butler to suffer a loss of pay, benefits, and prestige.

55. Defendants' actions have caused Mr. Butler to suffer mental and emotional distress, entitling him to compensatory damages.

56. Defendants have engaged in discriminatory practices with malice and reckless indifference to Mr. Butler's federally protected rights, thereby entitling him to an award of liquidated and/or punitive damages.

57. Any reasons cited by the Defendants for the adverse employment actions as issue were pretextual. Mr. Butler, prior to his termination, was performing work as a satisfactory level and meeting or exceeding the Defendants' business expectations.

58. The above-described acts by Defendants are a violation of Title I of the American with Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq.*

## COUNT II: CLAIM FOR FAILURE TO MAKE REASONABLE ACCOMODATIONS IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT

59. Plaintiff incorporate by reference herein the preceding paragraphs of this Complaint.

60. At all times material hereto, under Title 1 of the Americans with Disabilities Act, Defendants had an obligation to make reasonable accommodations for Mr. Butler's medical condition.

61. Defendants' violated federal law by failing to accommodate Mr. Butler. Mr. Butler was forced to remain in a vehicle with a noxious smell which caused him to experience headaches and other medical issues. Spotsylvania county had at least 10 fleet vehicles available. It would not have been an undue hardship on Spotsylvania county to offer Mr. Butler a different vehicle.

62. Debbie was acting in the course and scope of her duties as Commission of the Revenue for Spotsylvania County, therefore, Spotsylvania County is liable for her actions under the doctrine of *respondeat superior*. Her actions against Mr. Butler was committed during working hours and at his place of employment in conjunction with work-related responsibilities.

63. Defendants' discriminatory conduct, in violation of Title I of the Americans with Disabilities Act, has caused the Mr. Butler to suffer a loss of pay, benefits, and prestige.

64. Defendants' actions have caused Mr. Butler to suffer mental and emotional distress, entitling him to compensatory damages.

65. Defendants have engaged in discriminatory practices with malice and reckless indifference to Mr. Butler's federally protected rights, thereby entitling him to an award of liquidated and/or punitive damages.

66. Any reasons cited by the Defendants for the adverse employment actions as issue were pretextual. Mr. Butler, prior to his termination, was performing work as a satisfactory level and meeting or exceeding the Defendants' business expectations.

67. The above-described acts by Defendants are a violation of Title I of the American with Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq.*

## COUNT III: CLAIM FOR RETALIATION IN VIOLATION OF TITLE VII AND AMERICANS WITH DISABILITY ACT

68. Plaintiff incorporate by reference herein the preceding paragraphs of this Complaint.

69. At all times material hereto, Defendants had an obligation to maintain a work environment that was not charges with discrimination and hostile to Mr. Butler.

70. At all times material hereto, Defendants had an obligation to allow the free exercise or enjoyment of Title 1 Americans with Disability Act.

71. Mr. Butler was intimidated by Debbie who threatened to fire him for raising concerns about his work vehicle, AO26.

72. After making the complaint about the vehicle, Mr. Butler was further subjected to a hostile work environment and other forms of retaliation.

73. Mr. Butler failed to be promoted to Appraiser III even though he was the most qualified applicant. Additionally, Debbie barred Mr. Butler from completing training severely limiting Mr. Butler's ability to receive future promotions.

74. Not only was Mr. Butler's treatment discriminatory, but it was so severe and pervasive as to alter his work conditions and create a hostile or abusive working environment.

75. Mr. Butler engaged in the protected activity of complaining about AO26 in regards to a medical condition and requesting reasonable accommodations be made as afforded in Title 1 of Americans with Disabilities Act.

76. In direct retaliation for these complaints and attempt to exercise Title 1 of the Americans with Disabilities Act, Mr. Butler was blocked from a promotion and ultimately unlawfully terminated from employment.

77. Any reasons cited by the Defendants for the adverse employment actions as issue were pretextual. Mr. Butler, prior to his termination, was performing work as a satisfactory level and meeting or exceeding the Defendants' business expectations.

78. Debbie was acting in the course and scope of her duties as Commission of the Revenue for Spotsylvania County, therefore, Spotsylvania County is liable for her actions under the doctrine of *respondeat superior*. Her actions against Mr. Butler was committed during working hours and at his place of employment in conjunction with work-related responsibilities.

79. As a direct and proximate result of Defendants' actions, in violation of federal law, Mr. Butler will continue to suffer pecuniary loss, emotional pain, suffering inconvenience, mental anguish, and other non-pecuniary loss.

80. At all times material hereto, Defendants have engaged in retaliatory practices with malice and reckless indifference to Mr. Butler's federally protected rights, thereby entitling him to an award of liquidated and/or punitive damages.

81. The above-described acts by Defendants constitute retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.*

WHEREFORE, Mr. Butler prays for judgement against Defendants Spotsylvania County and Spotsylvania County Commissioner of the Revenue Deborah Williams (hereinafter, "Debbie") and for equitable relief, compensatory, liquidated and/or punitive damages, together with prejudgment interest, and for costs and attorneys' fees, and for such other and further relief as may by just and equitable.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted this 26th day of December 2019.

*Kevin Butler*

Kevin Butler, Plaintiff.